Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 69154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Telephone: 561-826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monica Lewis-Robinson, on behalf of herself and others similarly situated, | ) Case No.<br>)<br>) |
| Plaintiff, | )<br>) **CLASS ACTION COMPLAINT AND** |
| vs. | ) **TRIAL BY JURY DEMAND**<br>) |
| Penn Credit Corporation, | )<br>) |
| Defendant. | )<br>) |
| _____ | ) |

1

**Nature of the Action**

1. Monica Lewis-Robinson ("Plaintiff") brings this class action against Penn Credit Corporation ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Arizona consumers who have been subjected to improper debt collection efforts by Defendant.

2. By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, the FDCPA at section 1692c(b), titled "Communication with third parties," commands:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), available at http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 21, 2021).

5.       And the provision cross-referenced, section 1692b, governs how a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6.       The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

7.       Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often communicate with third-party mail vendors in connection with the collection of consumer debts, including by sending those vendors personal information regarding consumers' alleged debts.

8.       Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9.       These third-party letter vendors use information provided by debt collectors—such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

10.      This unnecessary, and illegal, practice of communicating with third parties in connection with the collection of consumer debts exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11.      Upon information and belief, Defendant routinely communicates with third-party vendors, in connection with the collection of debts, to provide them protected information regarding consumer debts that those vendors are not authorized to receive, in violation of the FDCPA.

---

[2]      84 FR 23274, at 23396 n.749.

12. Plaintiff thus seeks relief on behalf of all similarly situated Arizona consumers to whom Defendant caused debt collection letters to be sent that were prepared, printed, or mailed by a third-party vendor.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's action occurred in this district.

## Parties

15. Plaintiff is a natural person who, at all relevant times, resided in Pima County, Arizona.

16. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

17. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical expenses (the "Debt").

18. Defendant is a for-profit corporation headquartered in Harrisburg, Pennsylvania.

19. According to its website, Defendant "is a leading provider of collection services with over three decades of experience. . . . Our experienced, knowledgeable and well-trained Collection Specialists, professionally represent clients in accordance with all Local, State and Federal regulations. Additionally, our collection technology and consistent investments are second to none, ensuring effective and compliant results our clients have come to expect."[3]

---

[3] https://penncredit.com/services (last visited June 21, 2021).

4

20. Among Defendant's services is third-party collection services.[4]

21. Defendant represented to Plaintiff in written correspondence that it is a debt collector.

22. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

23. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

24. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

25. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Factual Allegations**

26. On or about April 5, 2021, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

27. A redacted copy of the April 5 communication is attached as Exhibit A.

28. The April 5 letter disclosed the balance of the Debt. Ex. A.

29. The April 5 letter identified the current creditor to whom Defendant alleged the Debt was owed. *Id*.

30. The April 5 letter contained Plaintiff's name and home address and provided additional details of the Debt, including an identification number, the original account number, and the date of Plaintiff's medical services. *Id*.

---

[4] *Id.*

5

31. The April 5 letter also identified Defendant as a debt collector: "This letter is from a debt collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.*

32. At the time of the April 5 letter, there was no judgment against Plaintiff regarding the Debt.

33. Defendant did not print the April 5 letter.

34. Defendant did not mail the April 5 letter.

35. Instead, in connection with its collection of the Debt, Defendant provided information regarding Plaintiff and the Debt to a third-party mail vendor—including the fact that Plaintiff needed emergency medical services, her name and address, the amount of the Debt, the name of the creditor, and other private details regarding the Debt.

36. That third-party vendor then printed the April 5 letter that was sent to Plaintiff.

37. The third-party vendor also mailed the April 5 letter that was sent to Plaintiff.

38. A return address on the letter does not match Defendant's address in Harrisburg, Pennsylvania.

39. That return address on the April 5 letter includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party software company.

40. RevSpring is owned by private equity firm GTCR LLC.

41. Defendant does not maintain an office in Oaks, Pennsylvania.

42. On the other hand, RevSpring maintains facilities in Oaks, Pennsylvania at the same zip code as the P.O. Box in the April 5 letter's return address.[5]

43. RevSpring markets itself as having "[s]tate-of-the-art print and mail services . . . ."[6]

---

[5]   https://revspringinc.com/about/ (last visited June 21, 2021).

44. "RevSpring processes more than one billion communications annually."[7]

45. RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[8]

46. Defendant provided to RevSpring information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and the current creditor for the Debt.

47. Defendant communicated with RevSpring in connection with the collection of the Debt.

48. Plaintiff did not consent to Defendant communicating with RevSpring in connection with the collection of the Debt.

49. Plaintiff did not consent to Defendant communicating with any third-party vendor in connection with the collection of the Debt.

**Class Action Allegations**

50. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class defined as:

> All persons (a) with an Arizona address (b) to which Penn Credit Corporation sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) that was printed or mailed by a third-party vendor, (e) where Defendant provided the vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.

---

[6] https://revspringinc.com/healthcare/products/print-mail/production/ (last visited June 21, 2021).

[7] *Id.*

[8] https://revspringinc.com/about/ (last visited June 21, 2021).

51. Excluded from the class is Defendant, its officers and directors, and any entity in which Defendant has or had a controlling interest.

52. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

53. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

54. The proposed class is ascertainable because it is defined by reference to objective criteria.

55. In addition, the proposed class is identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

56. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

57. To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—communicating in connection with the collection of consumer debts, including the sending of personal, private information regarding those debts, with a third-party vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

58. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

59. Plaintiff has no interests that are contrary to, or irrevocably in conflict with, the members of the class that she seeks to represent.

60. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

61. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

62. There will be no extraordinary difficulty in the management of this action as a class action.

63. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

64. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as alleged herein;
   b. whether Defendant is a debt collector as defined by the FDCPA;
   c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;
   d. the availability of declaratory relief;
   e. the availability of statutory penalties; and
   f. the availability of attorneys' fees and costs.

65. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the FDCPA, 15 U.S.C. § 1692c(b)**

66. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 65.

67. The FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

68. By communicating with a third-party mail vendor in connection with the collection of the Debt—including by disclosing, among other things, the existence of the

9

Debt, the amount allegedly owed, and the alleged current creditor—Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

69. The harm suffered by Plaintiff is particularized in that the illegal communications related to her personal alleged debt.

70. And the violation of Plaintiff's right not to have her private information shared with third parties is a concrete injury sufficient to confer standing.

71. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

72. As a result of the sharing of her private information in connection with the April 5 letter, Plaintiff is embarrassed and distressed by the disclosure of her sensitive financial details.

73. Furthermore, Defendant's debt collection conduct also created a material risk of harm to the concrete privacy interests Congress was trying to protect in enacting the FDCPA.

74. A consumer whose private information concerning sensitive financial topics is shared with third parties is likely to suffer embarrassment, stress, or anxiety about such disclosure, as Plaintiff felt here.

75. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading her privacy. *E.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (invasion of right to privacy sufficient to confer standing).

76. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about her without her permission to do so.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 21st day of June, 2021.

By: *s/ Jesse S. Johnson*
Jesse S. Johnson*

* to seek admission *pro hac vice*

11